ESTATE OF FRANCISCA ACKERMAN, DECEASED.

[No. 4630; decided December 27, 1888.]

Homestead—Right of Surviving Husband.—Where a wife declares
a homestead upon the community property, and after her death the
surviving husband sells such property, he has no right to have a pro-
bate homestead set apart to him from her separate estate.

Francisca Ackerman died on September 17, 1885, and on
December 9, 1885, Charles Ackerman, her surviving husband,
was appointed administrator of her estate, which consisted
entirely of her separate property. On July 21, 1888, he filed
a petition for a homestead out of the estate. The wife had
declared a homestead upon a portion of the community prop-
erty, and this homestead existed at the time of her death, but
was thereafter, and before the filing of this petition, sold by
the surviving husband.

Nagle & Nagle, for surviving husband.

W. H. Payson, for certain heirs.

COFFEY, J.  This controversy seems to turn upon the
question whether applicant, the surviving husband of the de-
cedent, is entitled to a "probate" homestead out of the
separate estate of his deceased spouse—a statutory homestead
having been selected out of the community property, during
her lifetime, which survived to the husband. There may be
other points, but, in view of the determination of the court,
it is not necessary to consider them. The point of doubt and
difficulty which has justified unusual investigation and de-
liberation is the one noted hereinabove; and it has been very
ably presented and contested in the arguments, oral and
written, of the respective counsel. The question is for the
first time presented to the court in this form. It is, there-
fore, novel, as it is important; and it should be, as it has
been, carefully examined. If resolved in favor of the oppo-
nents, it is conclusive and the other objections are not material.
The view so very fully and forcibly presented by the counsel
for opponents is correct, in my opinion, to this extent at
least: It is enough that here a homestead was selected out of

the common property during the marriage and existed at the time of the death of the decedent, and that in such a case as this the surviving husband or wife can only have that homestead, so selected and declared of record, set apart to him or her. The practice of the court accords with this view of the law. It is immaterial, so far as this court in probate is concerned, that the title to the common property, which is claimed to comprehend the homestead, was succeeded to absolutely by the surviving husband. This court in probate does not deal with the question of title to property; it has been held that in the very case of setting apart a probate homestead (so called) the court cannot adjudge in whom the title vests. But aside from the question of title, certain principles have been often reiterated and acted upon with respect to homesteads to be set apart by this court, and the rights of claimants thereto, which may be summed up in one statement: The source and measure of this court's jurisdiction is section 1465, Code of Civil Procedure, which provides that, where a homestead has been selected out of community property, such homestead so selected must be set apart to the surviving husband or wife. It does not affect the question that, as in this case, the husband subsequent to the decease of his spouse sold the community property; the decisive fact is that the homestead existed in the community property at the time of the wife's death.

Application denied.

---

The Principal Case was Affirmed by the Supreme Court in 80 Cal. 208, 13 Am. St. Rep. 116, 22 Pac. 141, where it is held that upon the death of either spouse, a homestead declared upon community property vests absolutely in the survivor, still retaining its homestead characteristics; and if the survivor afterward sells the same, he is not entitled to have another homestead set apart to him out of the separate estate of the deceased.